FILED

Apr 20 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ shellyy  DEPUTY

NAME Ronald Bryson

PRISON NUMBER BK8239

CURRENT ADDRESS OR PLACE OF CONFINEMENT RJDCF
480 Alta Rd, D17-126L

CITY, STATE, ZIP CODE San Diego, CA. 92179

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Ronald Gene Bryson,
(FULL NAME OF PETITIONER)

PETITIONER

v.

Raymond Madden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT
and

Rob Bonta ,

The Attorney General of the State of California, Additional Respondent.

Civil No '22CV0556 BAS WVG
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court of California San Diego County Central Division
   1100 Union St., Dept. 19, San Diego, CA. 92101

2. Date of judgment of conviction: October 7, 2019

3. Trial court case number of the judgment of conviction being challenged:
   SCD268146

4. Length of sentence: 153 years to Life.

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date:
   11/14/2019     8/3/2041

6. Offense(s) for which you were (convicted) or pleaded guilty (all counts):
   PC 288(a)[03] with PC 667.61(j)(2) × 6 counts
   PC 12022.7(a) × 1 count

7. What was your plea? (CHECK ONE)
   (a) Not guilty ✓
   (b) Guilty
   (c) Nolo contendere

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ✓
   (b) Judge only

9. Did you testify at the trial?
   Yes   (No)

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    (Yes)   No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: DENIED
    (b) Date of result (if known): JANUARY 1, 2021
    (c) Case number and citation (if known): D076683
    (d) Names of Judges participating in case (if known):

    (e) Grounds raised on direct appeal: Dual use of aggravating circumstance to raise sentence above midterm and upper term to 25 years to Life and five consecutive 25 years to Life terms

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Judgment Affirmed; Petition of Review Denied
    (b) Date of result (if known): MARCH 17, 2021
    (c) Case number and citation (if known): S266993

    (d) Grounds raised: Dual use of aggravating circumstance to raise sentence above midterm and upper term to 25 years to Life and five consecutive 25 years to Life terms,

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result: Appellate Counsel Patricia Ulibarri failed to file Writ of Certoirari
    (b) Date of result (if known):
    (c) Case number and citation (if known):

    (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ✓ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known):
    (b) Nature of proceeding: Request for Presentence Credits PC §4019 (two times)

    (c) Grounds raised: Defendant was not given all good time credits in Custody.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ✓ No
    (e) Result: Denied
    (f) Date of result (if known): September 14, 2021    Judge Robert F. O'Neill
                                    October 20, 2021    Judge Polly H. Shamoon

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ✓ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):
    (b) Nature of proceeding: REQUEST FOR REHEARING IN PROPERIA PERSONA
    (c) Names of Judges participating in case (if known)
        McConnell
    (d) Grounds raised: Ineffective Assistance of Counsel; Judicial Misconduct; Prosecutor misconduct; Miranda Violation; Self-Representation denied; Attorney forced upon defendant; material evidence lost by officers, & more, No search warrant for DNA nor warrant for arrest, victim confessed to the crime
    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ✓ No
    (f) Result: Motion was forwarded from Court of Appeal to Appellate Counsel, whom did not file it
    (g) Date of result (if known): January 27, 2021

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes ✓ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):
    (b) Nature of proceeding:

    (c) Grounds raised:

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ✓ No
    (e) Result:
    (f) Date of result (if known):

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Appellate Counsel, Patricia Ulibarri, advised me that the only claim I have on Direct Appeal is "Dual Use" of aggravating circumstance and for any other claims, including ineffective assistance of counsel, to file a Writ of Habeas Corpus and that my trial counsel did everything else correct. I mentioned several other claims, more than once, but Ulibarri refused to include them all, so now I'm claiming them through Writ of Habeas Corpus.

### COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ✓ Yes ☐ No   (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
       (i) What was the prior case number?
       (ii) Was the prior action (CHECK ONE):
            Denied on the merits?
            Dismissed for procedural reasons?
       (iii) Date of decision:
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

#### CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: "Dual Use" of aggravating circumstance

Supporting FACTS: On October 7, 2019 Judge Esteban Hernandez sentenced the petitioner to 153 years to Life by increasing the term above the mid-term (6 years) and upper term (8 years) up to 25 years to Life plus five consecutive 25 years to Life plus 3 years, by using the aggravating circumstance of multiple victims for each increase. The Presentence Interview was held on the same day without defense counsel accompanying the petitioner. No Probation report provided to petitioner and counsel to review and investigate mitigating factors for a defense at sentencing, ahead of time.

**Did you raise GROUND ONE in the California Supreme Court?**

✓ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review

(2) Case number or citation: S266993

(3) Result (attach a copy of the court's opinion or order if available): Judgment Affirmed

(b) **GROUND TWO**: Appellate Counsel failed to file Writ of Certiorari.

**Supporting FACTS**: Appellate Counsel, Patricia Ulibarri, file the Direct Appeal and Petition for Review on behalf of the petitioner during November 2019 through March 2021. Once California Supreme Court Affirmed judgment, Ulibarri discontinued representing petitioner and failed to file a Writ of Certiorari within the crucial time limit of 90 days after judgment affirmed and also failed to inform petitioner and advise him of the option to file the Writ of Certiorari which is a critical period in the proceedings.

Did you raise <u>GROUND TWO</u> in the <u>California Supreme Court</u>?

Yes ___ ✓No.

   If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition):

   (2)   Case number or citation:

   (3)   Result (attach a copy of the court's opinion or order if available):

(c) **GROUND THREE**: Judge denies defendant self representation and force defendant to take a lawyer (Public Defender Office)

**Supporting FACTS**: On August 27, 2019 during Motion In Limine the defendant requested self-representation and time to file some subpoenas; make request to attempt to replace the material evidence lost while in the possession of the San Diego Sheriff Department and San Diego Central Jail Staffs during the defendant's surgery in may 2018. Judge Esteban Hernandez denied self-representation for the defendant and denied all of the motions filed by the defendant including a Trombetta-Youngblood motion. [See motion In Limine transcript pages 1291 and 1295. Hernandez stated "Ms. Suwczinsky is representing you, and we are going forward." (forcing the defendant to be under the representation of the Public Defender Office, without all the crucial material evidence missing, unprepared and creating an unfair trial.

Did you raise <u>GROUND THREE</u> in the <u>California Supreme Court?</u>

Yes ✓No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

(d) **GROUND FOUR**: The trial court failed to instruct the jury of the defendant's 6th Amendment right of Nullifying the jury including the sentence the defendant is facing.

**Supporting FACTS**: On or around August 27, 2019 during Voir Dire and on or around September 5, 2019 before deliberation, the trial court failed to instruct the jury of the defendant's 6th Amendment right of Jury Nullification including the extremely high sentence term of 153 years to Life for a first time offender as a felon. Also, the presiding judge Esteban Hernandez stated in court "You must REACH YOUR VERDICT without any consideration of punishment." on the Trial Record page 2115.

**Did you raise GROUND FOUR in the California Supreme Court?**

Yes ___ ✓ No.

If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition):

    (2)    Case number or citation:

    (3)    Result (attach a copy of the court's opinion or order if available):

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ✓ Yes   ___ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: Superior Court of California, San Diego County, Central Div
    (b) Case Number: SCD268146
    (c) Date action filed: March 16, 2022
    (d) Nature of proceeding: Writ of Habeas Corpus
    (e) Name(s) of judges (if known):
    (f) Grounds raised: Ineffective Assistance of Counsel, Judicial misconduct, Prosecutorial misconduct, Miranda violation, Illegal search/seizure, Self-Representation denied, Defendant forced to take attorney, No search warrant for Arrest nor DNA swab (Taken by threat of harm, fear, and duress), The alleged victim confessed to the sex act, Inconsistent statements,
    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        ___ Yes  ✓ No   In progress of Writ being Reviewed

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ........ DPD Jessica Marshall-Petry
        450 B. St., Ste 900  San Diego, CA. 92101
    (b) At arraignment and plea ....... DPD M. Dealy
        450 B. St., Ste 900  San Diego, CA. 92101
    (c) At trial ..................... DPD Liza Suwczinsky
        450 B. St., Ste 900  San Diego, CA, 92101
    (d) At sentencing ............... DPD Liza Suwczinsky
        450 B. St., Ste 900  San Diego, CA, 92101
    (e) On appeal ................... Appellate Counsel Patricia Ulibarri
        P.O. Box 19905 San Diego, California 92159
    (f) In any post-conviction proceeding. Appellate Counsel Patricia Ulibarri
        P.O. Box 19905 San Diego, California 92159
    (g) On appeal from any adverse ruling in a post-conviction proceeding:
        Appellate Counsel Patricia Ulibarri
        P.O. Box 19905 San Diego, California 92159

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   ✓ Yes   ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   ☐ Yes   ✓ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   (b) Give date and length of the future sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      ☐ Yes   ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.   **OR**   ✓ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

   *MARCH 16, 2022*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__MARCH 16, 2022__   _____
(DATE)                SIGNATURE OF PETITIONER

Ronald Bryson #BK8239
RJDCF
480 Alta Rd. D17-126L
San Diego, CA 92179

LEGAL/CONFIDENTIAL

1 of 7

Original Package

United States District Court
For The
Southern District
211 W. Broadway
San Diego, CA 92101

