UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRYSON,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 22cv556-BAS(LR)<br><br>**NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

## I.　INTRODUCTION

On April 20, 2022, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 together with a Motion for Stay, a Motion for Evidentiary Hearing, and a Motion for Discovery. (ECF Nos. 1–4.) The Court dismissed this case without prejudice on May 12, 2022, because Petitioner had failed to either pay the $5.00 filing fee or move to proceed In Forma Pauperis ("IFP"). Petitioner was given until July 18, 2022, to pay the fee or file an IFP motion together with adequate proof of his inability to pay the fee. (ECF No. 5.)

On July 11, 2022, Petitioner filed an IFP motion, but did not provide the Court with adequate proof of his inability to pay the fee by including a Prison Trust Account Statement or Prison Certificate showing the amount of money he has in his Prison Trust Account. (ECF No. 6.) Accordingly, on July 28, 2022, the Court denied Petitioner's IFP motion

without prejudice and gave Petitioner until October 1, 2022, to provide the Court with the required documents showing he could not afford the filing fee. (ECF No. 7.) The Court also denied his Motion for Stay, Motion for Evidentiary Hearing, and Motion for Discovery without prejudice. (Id.)

On September 28, 2022, Petitioner filed a series of documents which the Court entitled "Exhibits in Support of Petition," and "Exhibits as to Payment of Filing Fees." (ECF Nos. 8–9.) On November 2, 2022, Petitioner filed a Prison Certificate and a Prison Trust Account Statement showing he had $0.15 on account at the institution at which is confined. (ECF No. 11.) Then, on November 23, 2022, Petitioner paid the $5.00 filing fee. (ECF No. 12.)

## II. THE PETITION CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS

The Petition contains both unexhausted and exhausted claims and is therefore subject to dismissal. The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. See id. Although Petitioner states he has exhausted ground one, he has not alleged exhaustion as to grounds two, three, and four. (Pet., ECF No. 1 at 6-9.) He also states he is currently exhausting the following claims: "ineffective assistance of counsel, judicial misconduct, prosecutorial misconduct, Miranda violation, illegal search and seizure, self-representation denied, defendant forced to take attorney, no search warrant for arrest nor DNA swab . . . the alleged victim confessed to the sex act, inconsistent statements." (Id. at 10.) Thus, to avoid the Court dismissing the petition on its own accord, Petitioner must choose one of the following options.

///

### A.    First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **February 2, 2023**. Respondent may file a reply by **March 2, 2023**.

### B.    Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this Court no later than **February 2, 2023**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181–82.

///

### C. Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. See Rose, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **February 2, 2023**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).

### D. Fourth Option: Request a Stay of the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Webber, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. King v. Ryan, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must

share a "common core of operative facts" with the previously exhausted claims.  Id. at 1142–43 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)).

If Petitioner chooses this fourth option, he must file a Motion for Stay no later than **February 2, 2023**.  Respondent may file a reply by **March 2, 2023**.

### III.  CONCLUSION

The Court hereby notifies Petitioner that he has filed a Petition that contains both exhausted and unexhausted claims and it is therefore subject to dismissal.  If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed without prejudice.  See Rose, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated:  December 13, 2022

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge