Name: _Ronald Bryson_

Address: _R. J. Donovan State Prison_
_480 Alta Rd. D17-126L_
_SAN DIEGO, CA. 92179_

**FILED**

Sep 18 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ BreanneChandler    DEPUTY

HC-001

CDC or ID Number: _BK 8239_

_United States District Court_
_Southern District of California_
_333 West Broadway, Ste. 420_
_SAN DIEGO, CA. 92179 ; Office of the Clerk_
(Court)

| | |
|---|---|
| _Ronald Bryson - In Pro Se_<br>Petitioner<br><br>vs.<br><br>_Raymond Madden - Warden_<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. _____<br>_(To be supplied by the Clerk of the Court)_ |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

HC-001

This petition concerns:

☒ A conviction                    ☐ Parole

☒ A sentence                      ☒ Credits

☒ Jail or prison conditions       ☐ Prison discipline

☒ Other (specify): _Direct Appeal; Petition for Review; Writ of Certiorari not filed; Writ of Habeas Corpus Denied_

1. Your name: _RONALD BRYSON_

2. Where are you incarcerated? _R. J. DONOVAN CORRECTIONAL Facility_

3. Why are you in custody? ☒ Criminal conviction    ☐ Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_Multiple victim allegation_
_Personal inflict great bodily injury_
_Lewd act upon child under 14 years old_

b. Penal or other code sections: _PC 288(a) w/PC 667.61(j)(2); PC 667.61(a)(e)(d); PC 12022.7_

c. Name and location of sentencing or committing court:
_Superior Court of California - County of San Diego_
_1100 Union Street    Department 1903_
_San Diego, CA    92179_

d. Case number: _SCD 268146_

e. Date convicted or committed: _September 9, 2019_

f. Date sentenced: _October 7, 2019_

g. Length of sentence: _150 years to life plus 3 years_

h. When do you expect to be released? _2039_

i. Were you represented by counsel in the trial court? ☒ Yes    ☐ No    *If yes, state the attorney's name and address:*
_Liza Suwczinsky_
_450 "B" Street, Suite 900_
_San Diego, CA, 92101    (619)-338-4752_

4. What was the LAST plea you entered? *(Check one):*

☒ Not guilty    ☐ Guilty    ☐ Nolo contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6.  GROUNDS FOR RELIEF                                                               HC-001

Ground 1: State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

THE TRIAL COURT / Judge Esteban HERNANDEZ imposed disproportionate sentence(s)
THE tRiAL COURt imposed an illegal enhancement   Multiple Victim
THE tRiAL court imposed an illegal enhancement   Great bodily INjury
The tRiAL couRt imposed an illegal enhancement   Above the low term (minimum)
THE tRiAL court imposed an illegal eNhancement   Above the mid term
THE tRiAL couRt imposed an illegal enhancement   Above the upper term
     All terms increased by use of one Reason (multiple victims)  All imposed consecutive 25 to Life

a.  Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).*

ON October 7, 2019 at Sentence hearing in Dept. 1903 of Superior Court of California -
SAN DIego County, Judge Esteban HERNANDEZ imposed an illegal enhancement above the
mid term (6 years) and upper term (8 years) upon each count of PC 288(a) [Counts 2-5, 7 and 8]
by the "Dual Use" of one aggravating circumstance (PC 667.6(b)(2) - Multiple Victims), which
increased each count to 25 years to Life consecutively plus 3 years totalling an extreme
sentence of 150 years + 3 years to Life [153 years to Life] First time offender nor probation (PC 288.1)
or three year low (minimum) term consider. NO additional reasons stated by judge on court/on court minutes
The sentence is grossly out of proportion to other crimes; Racially prejudiced/biased (alleged victims and judge are latin)
No over/evidence of pain beyond ordinary experience or suffering; Not all pregnancies are Great bodily Injury;
Rosalyn D. hid her pregnancy for 8 months no complaines no medical care/prenatal care, attended school activities
Rosa D. refused RApe exam (no proof/evidence of loss of virginity/hymen), yet testified that the defendant Raped her
Trial court imposed these sentences with lack of evidence and proof of all elements and lack of facts

b.  Supporting documents:
Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

Sentencing Transcript October 7, 2019 Page 2224-2229       Exhibit YY
PReliminary Hearing Transcript October 29, 2019 Page 19   Det. Kindred testifies NO SART exams conducted.
Trial Transcript August 29, 2019 Page 1477-1479   OB-GYN KABACKA testifies two dissolve sutures-NoRmal
Discovery
See "Cases" page 72 RE: Resentencing for special circumstances
Exhibit AA, FFF
              Petitioner Request Resentencing / New trial

c.  Supporting cases, rules, or other authority *(optional):*
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

People v. Meneses, 193 Cal App 4th 1087 (2011); Q190, United States v. Pugliese 805 F.3d 1119 (CA7 1986)
People v. Cross, 45 Cal 4th 58, 64, 66, 83 Cal Rptr 3d 373, 190 P.3d 706; In Cunningham v. California (2007) A 549 US 270 ;275 Ct
Lockyer v. Andrade (2003) 538 US 63, 73 [123 S. Ct. 1166 155 L.Ed 144; Stewart v. Erwin, 503 F.3d 488 (CA 6 2009)   856
People v. Retanan (2007) 154 Cal App 4th 1219, 1230 65 Cal Rptr 3d 177; Beavers v. Lockhart, 755 F.2d 657 (CA8 1985)
U.S. v. Goudin 1995 515 US 506, 115 S. Ct 2310, 132 L.Ed 2d 444; People v. Falsey (2022) 46 Cal 4th 1033 1119, 95 Cal Rptr 3d 141, 210 P3d 361
Blakely v. Washington, 542 U.S. 296, 159 L. Ed 3d 403, 124 S. Ct 2531 (2004); Villagaraña v. Warden Nevada Corr. Inst., 599 F.2d 526/CA6 2010
Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed 2d 435, 120 S Ct 2348 (2000); U.S v. Bradley, 628 F.3d 394 (CA7 2010)

7. Ground 2 or Ground _C.O.A. [Court of Appeal]_ _1_ *(if applicable):*          HC-001

RE: The trial court (Judge Esteban Hernandez) imposed disproportionate sentence(s)
[see Ground 1 filed in Superior Court (next page).

Petitioner Request Vacate sentence, Release OR be Resentence within Ninety days.

a. Supporting facts:
· The trial court violated Blakely by using circumstantial evidence to support an aggravating
factor which was decided by the jury as true that there were multiple victims (two)
· There were two cases consolidated to bolster the weaker second case to seek 25 years to Life
· If the cases were tried separately, no court would be imposed a term over 3 - 6 years.
· The second alleged victim case didn't include any physical evidence (SART, Pregnancy) to support
the accusation of rape, loss of virginity, scarred tissue, body wounds
· No witness testimony of any party see any sexual intercourse or rape
· Petitioner was told by his public defenders (Jessica Marshall-Petry and Lisa Swarzinsky)
that he is facing 25 years to Life if he loses in trial. Petitioner punished for
exercising Right to be tried over being found (proven guilty by physical evidence and facts
· Petitioner plead Not Guilty vs the alleged victims inconsistent statements and
testimony. Word against word. Proof in the evidence that the victims lie.

Violation of fair trial, sentencing, and due process

Accumulative error(s)

b. Supporting documents:

See Ground 1 filed in Superior Court (next page)

c. Supporting cases, rules, or other authority:

See Ground 1 filed in Superior Court (next page)

C.O.A. [Court of Appeal]

7. Ground 2 or Ground __2__ (if applicable):

HC-001

RE: APPELLATE COUNSEL FAILED TO FILE A PETITION FOR A WRIT OF CERTOIRARI
[See Ground 2 filed in Superior Court Next page]

Petitioner (Bryson) Request a Remand and a Recall of the mandate

a. Supporting facts:

The Superior Court of California - San Diego County / Judge Polly H. Shamoon denied this claim stating "No state court has jurisdiction to proceed, representing petitioner, by filing a Writ of Certoirari."

Although petitioner (Bryson) does not have a constitutional right to counsel while seeking certiorari, Ross v. Moffitt, 417 U.S. 600, 617 94 S. Ct. 2437, petitioner does have a statutory right based on the Criminal Justice Act 18 U.S.C. §3006A

The district court may stay further consideration of a §2255 motion (vacate sentence) to allow Bryson to ask the court to recall its mandate in the direct criminal appeal and to appoint counsel to file a petition for a Writ of Certoirari asking SCOTUS to review the affirmance of his conviction.

This failure renders Appellate Counsel Patricia Ulibarri's assistance ineffective [See supporting cases, Rules, and authories below]

Petitioner (Bryson) abandons his constitutional claim, he instead argues that he is entitled to the remedy fashioned in Wilkins, 441 U.S. at 469-70, 99 S. Ct 1829, a motion to recall the mandate grant the motion, vacate the judgment, and remand to the district court and/or a state court.

Violation of due process; U.S. Constitutional Rights
Accumulative error(s)

b. Supporting documents:

Appellate Counsels letter regarding filing a Writ of Habeas Corpus on my own, [Exhibit H]
Order denying petition for a Writ of Habeas Corpus in Superior Court See page 8 [Exhibit

c. Supporting cases, rules, or other authority:

U.S. v. Price, 491 F.3d 613 (CA 7 2007); Thompson v. Calderon, 120 F.3d 1045 (CA 9 1997)
Nnebe v. U.S., 534 F.3d 87 (CA 2 2008)
Ross v. Moffitt, 417 U.S. 600, 617, 94 S. Ct. 2437
Criminal Justice Act 18 U.S.C. §3006A; Strickland v. Washington, 466 US 668, 80 L. Ed 2d 674, 1045. Ct. 2052 (1984)
Wilkins v. United States 441 U.S. 468, 99 S. Ct. 1829
28 U.S.C. §2255 motion to vacate sentence
Gideon v. Wainwright, 372 US 339, 9 L. Ed 2d 799, 83 S. Ct. 792 (1963)
Powell v. Alabama, 287 US 45, 77 L. Ed 158, 53 S. Ct. 55 (1932); US v. Cronic, 466 US 648, 80 L. Ed 2d 657, 104 S. Ct. 2039 (1984)

Ground 2 or Ground **2** *(if applicable):*  HC-001

APPELLATE COUNSEL FAILED TO FILE A PETITION FOR A WRIT OF CERTIORARI

a. Supporting facts:

APPELLATE COUNSEL, PATRICIA ULIBARRI, failed to file a writ of certiorari while representing me on Direct Appeal/Petition for review and after judgment was affirmed by California Supreme Court on 3/17/2020, to ask SCOTUS (Supreme Court of United States) and or the 9th Circuit to review that affirmance of my conviction. On or around April 2, 2021 Patricia Ulibarri wrote and mailed me a letter telling me to file a habeas corpus petition in federal court (1) one year + (90) ninety days from March 17, 2021. Appellate counsel failed to inform, advise, pursue, and file the petition for a writ of Certiorari on my behalf within 90 days from March 17, 2021 and I was not aware of that option and or right to me until long after the 90 day time limit had passed.

b. Supporting documents:

Copies of California Supreme Court Denial and Remittitur    (Exhibit L)
Appellate Counsels letter regarding filing a habeas corpus    (Exhibit H)

c. Supporting cases, rules, or other authority:

Criminal Justice Act 18 USC §3006A ; Ross v. Moffit, 417 US 600, 617, 94 S. Ct. 2437
Thompson v. Calderon, 120 F.3d 1045 (CA 9 1997)
Strickland v. Washington 466 US 668, 80 L.Ed 2d 674, 104 S. Ct. 2052 (1984)
US v. Price, 491 F.3d 613 (CA 7 2007) ; Noble v. US , 534 F.3d 87 (CA 2 2008)
Gideon v. Wainwright, 372 US 335, 9 L.Ed 2d 799, 83 S Ct. 792 (1963)
US v. Cronic, 466 US 648, 80 L Ed 2d 657, 104 S Ct. 2039 (1984)
Powell v. Alabama, 287 US 45, 77 L.Ed 158, 53 S. Ct. 55 (1932)

7. Ground 2 or Ground _C.0.A._ _3_ _(if applicable):_                    HC-001

Trial Court judge denied the defendant his right to self representation

a. Supporting facts: Although the trial judge informed Petitioner that he may represent himself if he was prepared to go to trial on that date, the trial judge was aware of the petitioners need and request for time to attempt to replace critical and crucial material evidence lost while in the possession of the San Diego Sheriff Department to prevent going to trial unprepared and presenting a weak defense. Also, character witnesses needed to be subpoenaed and other evidence which was discussed during a Marsden hearing and both appointed Public Defenders failed to assist my choice of defense due to the petitioner is the one facing the conviction and life in prison.

Violation of due process and U.S. Constitutional Right to self representation and fair trial, Accumulative error(s)

b. Supporting documents:

See Ground 3 next page

c. Supporting cases, rules, or other authority:

See Ground 3 next page

7. Ground 2 or Ground __3__ *(if applicable):*                                          HC-001

Trial court judge denied the defendant his right to self representation

PETITIONER REQUEST REVERSAL / NEW TRIAL

a. Supporting facts:

Judge Esteban Hernandez denied the defendant his right to self representation by the following:

On August 27, 2019 defendant requested self representation and time to prepare, but Hernandez refused to say that a continuance would be granted which without a continuance would force the defendant into trial without his needed exculpatory evidence through additional motions and subpoenas. The defendant had to agree and select accepting the Public Defender's office from that fear of entering trial unprepared.

The trial court forced the defendant to accept the Public Defender office over representing himself effectively.

b. Supporting documents:

Marsden Hearing Transcript August 27, 2019 Page : 1289-1295        Exhibit VV
Marsden Hearing Transcript (sealed) August 27, 2019 Page 1285-1286     Exhibit VV

c. Supporting cases, rules, or other authority:

Bribiesca v. Galaza, 215 F. 3d 1015 (CA 9 2000)
Faretta v. California, 422 US 808, 45 L.Ed 2d 562, 95 S. Ct. 2525 (1975)
Strickland v. Washington, 466 US 668, 80 L.Ed 2d 674, 104 S. Ct. 2052 (1984)
Gideon v. Wainwright, 372 US 339, 9 L.Ed 2d 799, 83 S. Ct. 792 (1963)

7. Ground 2 or Ground ___4___ *(if applicable):*     C.O.A.          HC-001

Trial court failed to inform the jury of the sentencing impact of its decision violating the defendant's sixth Amendment right to instruct the jury regarding

Petitioner Request New trial and or resentencing

a. Supporting facts:

STATE LAW is not to be contrary to Federal law, In this case, the petitioner is to be protected by the U.S. constitutional right under the sixth Amendment to have the jury nullified for a fair trial and is not to be ignored to make it easier for the state to obtain a conviction and a extreme, disproportionate, and harsh sentence.

It is more than likely that if the jury was nullified that at least one juror if not more or all jurors would have voted to not convict petitioner due to the extreme sentence of 153 years to life compare to cases of murder that receive lesser or even other case of childabuse, sex assaults, lewd acts that receive determinate terms or even probation as first time offenders.

Violation of due process and U.S Constitution Right (6th Amendment)

Accumulative error(s)

b. Supporting documents:

See Ground 4, Next page

c. Supporting cases, rules, or other authority:

See Ground 4 Next page

7. Ground 2 or Ground _4_ *(if applicable):*      HC-001

TRIAL COURT FAILED TO INFORM THE JURY OF THE SENTENCING IMPACT OF ITS DECISION VIOLATING THE DEFENDANTS SIXTH AMENDMENT RIGHT TO INSTRUCT THE JURY REGARDING NULLIFICATION

Petitioner Request New Trial

a. Supporting facts:

THE TRIAL COURT CONDUCTED VOIR DIRE ON 8/27/2019 and the trial Judge Esteban Hernandez failed to inform the jury of the sentencing impact of its decision in violation of the Sixth Amendment and grounds for Jury Nullification. The Constitution requires that the trial courts apply 1780 jury practices in the courts. [The Trial of Lieutenant Colonel John Lilburne/The Trial of Penn and Mead. Both acquittals (jury refused conviction)] The defendant has a right to be tried by a jury that knows the sentencing impact of it's decision under the Sixth Amendment. The jury was not aware that the defendant was facing a 203 years to Life if convicted on all eight counts of PC 288(a) in trial yet the defendant was later convicted on six counts of PC 288(a) for 153 years to Life. DEFENDANT IS A First time offender of PC 288(a) Judge Hernandez failed to instruct the jury that it has the power to refuse to convict even if the facts and law indicated guilt (The power to "Nullify") on 9/5/19 and 8/27/19 When a jury refuses to convict on the basis of what it thinks is an unjust law as applied a misconceived prosecution, or an excessive penalty, it is performing exactly its role as imposed by the Sixth Amendment.

The U.S. Supreme Court held California DSL unconstitutional under the 6th and 14th Amendment insofar as it permitted upper-term sentences to be based on facts found by the sentencing judge by a preponderance of the evidence rather than on facts found by the jury beyond a reasonable doubt.

b. Supporting documents:

TRIAL TRANSCRIPT September 5, 2019 Page 2116 Line 5 thru Page 2116 Line 18. Exhibit NN
Voir Dire [Side Bar] Transcript August 27, 2019 Page 123 Line 3 thru Page 128 Line 18 Exhibit EEE

c. Supporting cases, rules, or other authority:

State v. Polouizzi, 687 F. Supp. 2d 133 (2010)
The Sixth Amendment of the United States Constitution
In Cunningham v. California (2007) 549 US 270, 127 S. Ct. 856
United States v. Khan 325 F. Supp. 2d 218, 226 (E.D. N.Y 2004)
The Trial of Lieutenant Colonel John Lilburne, in 4 Cobbett's Collection of State Trials 1270, 1320, 1466 (Old Bailey 1649)
The Trial of Penn and Mead, in 6 Cobbett's Collection of State Trials 950 (London, T.C. Howard 1810)
4 William M. Blackstone, Commentaries on the Laws of England *342-44 (1769)

7. Ground 2 or Ground _5_ *C.O.A* *(if applicable)*:

HC-001

The Appellate counsel failed to argue that trial counsel did not advise and accompany the defendant to the Presentence Interview nor object to interview conducted on day of sentencing and not prior to allow Presentence Report to be review by the defendant/trial counsel to prepare mitigation defense,

Petitioner Request Re-sentencing

a. Supporting facts:

• The trial counsel (Liza Suwczinsky) failed to perform any mitigation investigation as requested by the defendant (Bryson) and his right to do so no matter if the result was truthful and had successfully changed the outcome or not. Presence interview/report conducted on sentencing day. No objection.

• Receiving the Pre sentence Report in a timely manner (several days prior to sentencing) was a crucial and critical stage and the key to prepare any form of effective mitigation/defense.

• Trial counsel conducted her sentence duties as it we agreed to a plea agreement for 153 years to life, and not as we were still in a fight for my life and freedom by failing to prepare and offer some of, but not limited to, the following:

– Printed out evidence in the client file (Bryson's defense discovery) of the confession from alleged victim #1 (Rosalyn D.) of her committing the crime, told by texting thru Facebook to Bryson's brother Trahern Bryson (Las Vegas) and Bryson's girlfriend Jolene Frease (San Diego) protecting Bryson's innocence

– No medical records (Bryson's) regarding the affect of diabetes and penis function and lack of sex drive.

– No Urologist testimony; No SART (Rapekit) performed to prove alleged victim #2 was still a virgin which allowed multiple victim circumstance toward 25y-Life X 6. By only circumstantial not facts.

– No character witness testimony (subpoenas) to prove neither accuser is scared of Bryson and lied on him.

– No first offender consideration, No priors, No violence, minimal record, Military Veteran, First responder (2 accidents)

– Rosalyn D confessed as the perpetrator to the Detectives SDPD, CPS, DA and DAZ (Never scream or tell anyone)

– Rosalyn D sent photos of the baby to Jolene Frease (Evidence in client file, but not admitted in court)

Violation of Due Process, fair trial and sentencing. Accumulative error(s)

Any use of these mitigation factors could have lessened the outcome, Making no effort is ineffective/Right violation

b. Supporting documents:

See Ground 5 filed in Superior Court. Next page

c. Supporting cases, rules, or other authority:

See Ground 5. Next page

**PETITION FOR WRIT OF HABEAS CORPUS**

7. Ground 2 or Ground ___5___ *(if applicable):*                                    HC-001

THE APPELLATE COUNSEL FAILED TO ARGUE THAT THE TRIAL COUNSEL DID NOT ADVISE AND ACCOMPANY THE DEFENDANT TO THE PRESENTENCE INTERVIEW RECEIVE THE PRESENTENCE REPORT PRIOR TO SENTENCING TO ALLOW TIME FOR DEFENDANT AND TRIAL COUNSEL TO PREPARE MITIGATION.

PETITIONER REQUEST RE-SENTENCING

a. Supporting facts: During direct appeal and petition for review from November 2019 through March 2021 the appointed appellate counsel Patricia Ulibarri, failed to argue the following:

\* Trial counsel Liza Suwczinsky failed to advise the defendant about the Presentence Interview and accompany the defendant to the PSI

\* Trial counsel failed to object and argue that the Presentence Interview was conducted on the same day as sentencing and not before

\* Trial counsel failed to obtain copies of the Presentence Report atleast ten days before sentencing to allow trial counsel and the defendant to review and prepare any mitigation investigation and a defense of sentencing

\* Trial court and Judge Esteban Hernandez failed to verifying that the Presentence Report, on the record, had been received and read by the defendant and also prior to sentencing

b. Supporting documents:
Appellate Counsel's Opening Brief
Verdict Transcript September 9, 2019 Page 2165 Line 13 through Page 2166 Line 9, Exhibit XX
Sentencing Transcript October 7, 2019 Page 2205 Line 3-14          Exhibit YY
Sentencing Transcript October 7, 2019 Page 2167-2200 are missing from the record [PSR reading]

c. Supporting cases, rules, or other authority:
U.S. v. Sustaita, 1 F.3d 950 (CA 9 1993)
U.S. v. Davenport, 151 F.3d 1325 (CA 11 1998)
U.S. v. Washington, 619 F.3d 1252 (CA 10 2010)
Strickland v. Washington, 466 US 668, 80 L.Ed 2d 674, 104 S. Ct. 2052 (1984)
Gideon v. Wainwright, 372 US 339, 9 L.Ed 2d 799, 83 S.Ct. 792 (1963)
U.S. v. Cronic, 466 US 648, 80 L.Ed 2d 657, 104 S.Ct. 2039 (1984)
Cunningham v. California (2007), 549 US 270, 127 S. Ct. 856

C.O.A.

7. Ground 2 or Ground ___6___ *(if applicable):*                                    HC-001

_Trial counsel failed to inform and accompany the defendant to the_
_presentencing interview_

_Petitioner request Re-sentencing_

a. Supporting facts:

Due to the failure of Trial Counsel not accompanying the defendant (Bryson)
to the presentence interview with the probation officer, Bryson made a statement during
the interview that was Repeated by the Probation officer during sentencing to have
a negative impact toward Bryson's character and influence the trial judge to impose
a extreme Life term, and it worked. Trial counsel did not object to the use of
the statement. To defend someone is to Protect, Shield, and block from attack. Trial counsel
failed to do just that, which renders her performance ineffective for Bryson due to the
judge heard it and it must be assumed that it affected and strengthened the trial judges'
decision of multi-life and consecutive terms. If trial counsel had accompanied Bryson and objected
at the interview stage, there would be less for probation officer to use at sentencing
No excuse for trial counsel's silence and must speak up on my behalf effective and
thoroughly.

Violation of Due Process, sentencing Rights.

Accumulative error(s)

b. Supporting documents:

See Ground 6 Next page

c. Supporting cases, rules, or other authority:

See Ground 6 Next page

7. Ground 2 or Ground _6_ (if applicable):                                    HC-001

TRIAL COUNSEL FAILED TO INFORM AND ACCOMPANY THE DEFENDANT TO THE PRESENTENCING INTERVIEW

PETITIONER REQUEST RE-SENTENCING

a. Supporting facts: On the day of sentencing October 7, 2019 prior to his sentencing MR. BRYSON (defendant) attended a presentence interview with the probation officer assigned to his case. His attorney MRS Suwczinsky did not accompany him to this meeting, nor did she inform MR. Bryson about the purpose or legal significance of the interview

At the interview, MR. BRYSON stated "if naked kids were brought in here, I would laugh". That statement was repeated during the reading of the presentence report to the judge at sentencing. This prejudiced MR. Bryson and eventually resulted in his loss of a downward adjustment or lesser sentence. Suwczinsky made no objections at sentencing. MRS Suwczinsky failed to understand the importance of relevant conduct to his potential sentence, and to advise MR. BRYSON regarding the nature and purpose of the interview. MRS Suwczinsky failed to accompany MR. Bryson to the presentence interview to prevent incriminating statements by MR. Bryson and to assist him and object to any questioning by the probation officer that may be inappropriate, illegal, or unlawful.

These failures, by Mrs. Suwczinsky, amounted to ineffective assistance of counsel (IAC)

MR. Bryson has the right to counsel, fair trial and sentencing, thorough investigations and defense

b. Supporting documents: Verdict Transcript September 9, 2019 Page 2165 Line 13 thru Page 2166 Line 9, Exhibit XX
Sentencing Transcript October 7, 2019 Page 2205 Line 3-14        Exhibit YY
Sentencing Transcript October 7, 2019 Page 2167-2200 are missing from the record [PSR Reading]

c. Supporting cases, rules, or other authority:
U.S. v. Washington, 619 F. 3d 1252, (CA 10 2010)
Strickland v. Washington, 466 U.S. 668, 80 L.Ed 2d 674, 104 S.Ct. 2052 (1984)
Lunberry v. Hornbeak, 605 F.3d 754 (CA9 2010)
Powell v. Alabama, 287 U.S. 45, 77 L.Ed 158, 53 S.Ct. 55 (1932)
Gideon v. Wainwright, 372 U.S. 339, 9 L.Ed 2d 799, 83 S.Ct. 792 (1963)
U.S. v. Cronic, 466 U.S. 648, 80 L.Ed 2d 657, 104 S.Ct 2039 (1984)

HC-001

7. Ground 2 or Ground ___ *(if applicable):*

C.O.A.
7

> The trial court failed to acknowledge on the Record that the defendant was
> provided and Read
>
> Petitioner Request Re-sentencing

a. Supporting facts:

> The petitioner (Bryson) had a right to fair trial and sentencing, yet the
> trial court interfered with that right by preventing trial counsel and petitioner (the
> defendant) the allotted time by law to discuss, investigate, prepare and present any
> and all mitigating factors for defense at sentencing. Trial court failed to acknowledge
> on the record that defendant was provided and read the pre-sentence report, No
> proof provided by trial court, Bryson had the ability to obtain mitigating factors that
> would have impacted the team to a lesser sentence and/or determinate sentence.
>
> Violation of Due process, sentencing Rights
> Accumulative error(s)
>
> See Ground 7 next page

b. Supporting documents:

> See Ground 7 Next Page

c. Supporting cases, rules, or other authority:

> See Ground 7 Next Page

7. Ground 2 or Ground ___7___ *(if applicable):*                                    HC-001

THE TRIAL COURT failed to acknowledge on the record that the defendant was PROVIDED and READ the PSR (Pre-Sentence Report) PRIOR to sentencing hearing.

PETITIONER REQUEST RE-SENTENCING

a. Supporting facts:

ON October 7, 2019 at the Sentencing hearing in Dept. 1903 of Superior Court of California - SAN DIEGO County, Judge Esther Hernandez failed to acknowledge on the record that the defendant was provided the PSR (Pre-Sentencing Report) at least 10-35 days PRIOR to the sentencing hearing and that the defendant had read the PSR and was provided enough time to consult with his defense counsel to perform a thorough investigation of mitigating factors that would allow a complete defense presentation at the sentencing hearing in efforts toward a lesser sentence and/or probation

The PSI (Pre-Sentence Interview) was conducted on day of sentencing (10/7/19) without defense counsel present at PSI.

b. Supporting documents:

Verdict TRANSCRIPT September 9, 2019  Page 2165-2166 Line 13 through Line 9.  Exhibit XX
Sentencing Transcript October 7, 2019  Page 2205  Line 3-14           Exhibit YY
Sentencing TRANSCRIPT October 7, 2019 Page 2167 - 2200 are missing from the Record [PSR Reading]

c. Supporting cases, rules, or other authority:

U.S. v. Sustaita, 1 F.3d 950 (CA9 1993)
U.S. v. Davenport, 151 F.3d 1325 (CA11 1998)
U.S. v. Washington, 619 F.3d 1252 (CA10 2010)
Richter v. Hickman, 578 F.3d 944 (CA9 2009)
McKenna v. McDaniel, 65 F.3d 1483 (CA9 1995)

HC-001

7. Ground 2 or Ground _C.O.A._ _8_ _(if applicable):_

Trial counsel failed to obtain and Review presentencing Report with the defendant prior to sentencing.       ( PSR )

Petitioner request re-sentencing

a. Supporting facts: The purpose of receiving and reviewing the PSR is not only for the purpose of having the record show that the PSR was received and reviewed but also to show that the trial Record show there was time allowed for trial counsel and the defendant to collaborate ideas along with a thorough investigation to obtain mitigation factors and subpoena/utilize character witnesses.

The trial court failed to order and schedule the presentence interview/report in a timely manner.

Trial counsel failed to object to the court's decision to rush and allow the PSI/PSR on the same day as sentencing and also failed to request a continuance to schedule sentencing later on the calendar to conduct the preparation for a defense at sentencing

This claim as established that Bryons' due process rights, fair trial, and U.S. Const. Rights have been violated

Accumulative error(s)

b. Supporting documents:

See Ground 8 Next page

c. Supporting cases, rules, or other authority:

See Ground 8 Next page

7. Ground 2 or Ground __8__ (if applicable):                                    HC-001

_TRIAL COUNSEL FAILED TO OBTAIN AND REVIEW PRESENTENCING REPORT WITH THE DEFENDANT PRIOR TO SENTENCING_

_PETITIONER REQUEST RE-SENTENCING_

a. Supporting facts:

From the day of VERDICT September 9, 2019 through Sentencing Day October 7, 2019 TRIAL COUNSEL FAILED TO OBTAIN THE PRESENTENCE REPORT ATLEAST TEN DAYS PRIOR TO SENTENCE HEARING TO REVIEW THE PROBATION REPORT WITH THE DEFENDANT AND PREPARE MITIGATION FOR SENTENCING

THE PSI (PRESENTENCE INTERVIEW) was conducted on the same day as the SENTENCE hearing (October 7, 2019)

TRIAL COUNSEL STATED, ON THE RECORD, "I have given MR. BRYSON a copy of the probation reports"

MR. BRYSON (Defendant/Petitioner) did NOT waive any provision(s) from obtaining the PSR (Presentence Report) prior to sentencing. There is NO indication that MR. Bryson read the PSR. Judge didn't verify.

TRIAL Counsel's (Mrs. Sweczinsky) failures have prejudiced MR. BRYSON having NO mitigation for sentencing amounting to ineffective assistance of counsel.

b. Supporting documents:

VERDICT TRANSCRIPT September 9, 2019 Page 2165 Line 13 through Page 2166 Line 9 Exhibit XX
SENTENCING TRANSCRIPT October 7, 2019 Page 2205 Line 3-14        Exhibit YY
SENTENCING TRANSCRIPT October 7, 2019 Page 2167-2200 ARE missing from the record [PSR Reading]

c. Supporting cases, rules, or other authority:

Strickland v. Washington, 466 U.S 668, 80 L.Ed 2d 674, 104 S. Ct. 2052 (1984)
U.S. v. DAVENPORT, 151 F.3d 1325 (CA11 1998)
U.S v Sustaita, 1 F.3d 950 (CA9 1993)
U.S v. WASHINGTON, 619 F.3d 1252 (CA10 2010)
RICHERRY Hickman, 578 F. 3d 944 (CA9 2009)
Federal Rule of Procedure 32 ; § 3352 (d)

HC-001

7.  Ground 2 or Ground _C.O.A_ _9_ _(if applicable):_

Appellate counsel failed to argue thoroughly and effectively that trial counsel ineffectively defended the defendant from extremely long and excessive sentence

Petitioner Request Re-sentencing

a.  Supporting facts:

Although the performance of trial counsel is said, by the court(s) to have been "adequate", yet this claim presented, by the petitioner, is that trial counsel was "ineffective" by providing a minimal performance of the duties required a defense counsel. When there is any counseling, there are at least two parties discussing a matter In this case, there was no discussion or counseling to prepare a defense, (silence)

Trial counsel also failed to object to the sentence imposed and federalize the objection This failure is a violation of the petitioner due process and U.S. Const Rights

Accumulative error(s)

b.  Supporting documents:

See Ground 9 Next page

c.  Supporting cases, rules, or other authority:

See Ground 9 Next page

7. Ground 2 or Ground ___9___ *(if applicable):*                                HC-001

APPELLATE COUNSEL FAILED TO ARGUE THOROUGHLY/EFFECTIVELY THAT TRIAL
COUNSEL INEFFECTIVELY DEFENDED THE DEFENDANT FROM EXTREMELY LONG TERM AND
OR EXCESSIVE SENTENCE BEING IMPOSED

a.  Supporting facts:

APPELLATE COUNSEL, PATRICIA UBARRI, WAS INEFFECTIVE ON BRYSON'S DIRECT
appeal by failing to thoroughly/effectively argue that trial counsel Suwczinsky failed to
effectively defend and protect the defendant from an extremely long term and or the
excessive sentence imposed (153 years to Life). Ubarri failed to prepare arguments
for the following:

Trial counsel conducted NO mitigation INVESTIGATION; Trial counsel failed to poll the jury.
TRIAL counsel provided NO mitigation factors at sentencing
Defendant has NO prior felony convictions prior prison terms
Trial counsel failed to argue that defender is under First time offender law, No repeat offender,
TRIAL counsel failed to advise defendant and accompany him to Presentence interview
TRIAL counsel failed to obtain/review Presentence/Probation Reports with defendant at least
10 or more days prior to sentencing
Trial counsel failed to object and effectively argue against "Dual Use" of aggravating circumstance
(Multiple victims) which increased from a base term of 3 years above/beyond the midterm of
6 years, upper term of 8 years, enhanced to 25 years to Life and then 25 years-Life x 6 (consecutive)
Trial counsel failed to argue that there was no physical evidence regarding the Victim #2
allegation of RAPE [NO SART or RAPE KIT exam] to support multiple victims DNA only for victim #1.
Trial counsel was silent as verdict read by judge and when sentence imposed (Total silence, no objection)
Ubarri failed to argue that defendant should be resentenced due to all above mentioned and that special
circumstances are not categorically barred from resentencing relief. Also, see California v. Wilson (CA 4 2021)
                                                                        Docket: D078231
b.  Supporting documents:
Appellate Counsel Opening Brief
Sentencing Transcript OctobeR 7, 2019 Page 2224-2229        Exhibit YY
Verdict Transcript Page 2163 Line 10-15 September 9, 2019    Exhibit XX
Discovery
LEAWEB Crime Report of defendant                 Exhibit F

c.  Supporting cases, rules, or other authority:
Strickland v. Washington, 466 U.S. 668, 80 L.Ed 2d 674, 104 S. Ct 2052 (1984)
California v. Wilson (CA 4 2021) Docket D078231 Opinion September 29, 2021
Powell v. Alabama, 287 U.S. 45 77 L.Ed 158, 53 S. Ct, 55 (1932)
Gideon v. Wainwright, 372 U.S. 339, 91. L.Ed 2d 799, 83 S.Ct. 792 (1963)
U.S. v. Cronic, 466 US 648, 80 L.Ed 2d 657, 104 S. Ct, 2039 (1984)

C.O.A.

7. Ground 2 or Ground __10__ (if applicable):                                    HC-001

Judicial bias hostility toward the defendant
Piercing the veil of impartiality

_____

_____

Petitioner Request a New trial

a. Supporting facts:

Although the court was assessing the defendant's ability to understand
the judge (Sharon Major-Lewis) did make comments to Bryson as being guilty
and not as a option of guilty or not guilty. As in "Just say your guilty now,"
The judge expressed her personal thoughts and belief that Bryson is guilty.

If even one proceeding of this case is violated with biasness and prejudice,
or any for of discrimination (Racial or Gender) then all proceedings have been
violated and or tainted (including trial, jury, and sentencing) See AB256
If the judges misconduct was not an issue or would have no effect on appeal
there would be no reason for the DA Matthew Dix and PD Jessica Marshall-Petry
to contact each other the same day to collaborate how to go back and fix the
appealable error made by the judge. [See claim #15 ; Exhibit ____ DA and PD emails)

The judges misconduct was during a Marsden hearing not a Preliminary hearing
as stated in Superior Court response to petitioner's Writ of Habeas Corpus
See Ground 10 Next page

The Due Process of petitioner's case has been violated

Accumulative error(s)

b. Supporting documents:

See Ground 10 Next Page

c. Supporting cases, rules, or other authority:

See Ground 10 Next Page

7. Ground 2 or Ground _10_ *(if applicable)*:                                        HC-001

JUDICIAL BIAS  HOSTILITY TOWARD THE DEFENDANT
Piercing the veil of impartiality




Petitioner Request new trial

a. Supporting facts:
During the marsden hearing on January 3, 2018, judge Sharon Major-Lewis
made the following bias and hostile statements to the defendant
"I don't think you DO understand"
"Just say your guilty now"; "Why don't you just plead guilty now then"
"Can you figure out how to read a caption and look at your information and fill out the form"
"I don't think you should go forward with this"
"I think you should probably think about it and not go forward with your Faretta"
"I think you don't fully understand the gravity of what you're asking to represent yourself"
"... the court knows it's a fools errand"
"I'm not going to finish the Faretta"
"I'm not going to let it happen if he doesn't have an educational ability"
"I'm a believer in God too" (Actually she (Lewis) said "I'm Religious too", but stenographer erred)

b. Supporting documents:
Marsden Hearing January 3 2018 Page 306-345     Exhibit LL
Emails between DDA matthew Dix and DPD Jessica Marshall-Petry     Exhibit A
O.A.C. (Office of Assigned Counsel) letter failing to provide requested discovery/whereabouts
Exhibit F

c. Supporting cases, rules, or other authority:
U.S. v. Cronic, 839 F. 2d 1401 (CA 10 1985)
Marshall v. Jerrico, Inc., 466 U.S. 238, 64 L. Ed 2d 182, 100 S. Ct. 1610 (1980)
Franklin v. Mc Caughtry, 398 F. 3d 955 (CA 7 2005)
Wallace v. Bell, 387 F. Supp. 3d 728 (E.D. Mich. 2005)
Westbrook v. Thaler, 585 F. 3d 245 (CA 5 2009)
Moon v. Superior Court

C.O.A.

HC-001

7. Ground 2 or Ground __11__ (if applicable):

Judge Esteban Hernandez sought a criminal conviction and sentence on the basis of race, ethnicity, or National origin.

Petitioner Request disquality judge; Re-sentencing and or New trial

a. Supporting facts:

To show Racial bias in someone's case is by the following,

* Explicit Racial bias by an attorney, judge, law enforcement officer, expert witness, or juror involved in the case.
* Use of Racially discriminatory language in court and during in Criminal proceedings whether intentional or not.
* Racial bias in Jury selection, such as Removing all or nearly all people of color from the Jury.
* Statistical disparities in charging and convictions - that is, evidence that people of one Race are proportionately charged or convicted of a specific crime or enhancement.
* Statistical disparities in sentencing - that is, evidence that people of one Race receive longer or more severe sentences, including the death penalty or life without parole.

- Judge Esteban Hernandez conducted the trial knowing one african american was sworn in and seated on the jury and trial counsel for Bryson was ineffective in seating a jury of more peers of color for fair trial
- Judge Esteban Hernandez knowingly allowed juror #1 (white male) to be sworn in and seated on the jury who admitted being a victim of a sex crime and stated he was unsure of being bias, but will try not to.
- The petitioner's sentence shows a huge disparity between his excessive sentence as a first time offender case as a felony compared to majority white defendants and other Races.

This violates Due Process; U.S. Constitutional Rights, Fair Trial. Accumulative error(s)

b. Supporting documents:

See Ground 11 Next page

c. Supporting cases, rules, or other authority:

People v. Dewell Ash          Repeal of the    PC 288   311.2   26 to life

AB256
AB1509