1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11    RONALD BRYSON,                          Case No.:  22-cv-556-JES-DDL

12                            Petitioner,      **ORDER:**

13    v.
                                              **(1) GRANTING MOTION FOR**
14    JEFF MACOMBER, Secretary[1], et al.,    **LEAVE TO FILE AN AMENDED**
                                              **PETITION [Dkt. No. 22];**
15                           Respondents.

16                                            **(2) REQUIRING RESPONSE TO**
17                                            **AMENDED 28 U.S.C. § 2254**
                                              **PETITION [Dkt. No. 23]**
18

19          Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas

20    Corpus pursuant to 28 U.S.C. § 2254, a Motion for Stay and Abeyance, a Motion for

21    Evidentiary Hearing, and a Motion for Discovery in this Court on April 20, 2022. Dkt. Nos.

22    1–4. He did not pay the $5.00 filing fee or submit a Motion to Proceed in Forma Pauperis

23

24

25    ─────────────────────

26    [1] The Court *sua sponte* substitutes Jeff Macomber, Secretary of the California Department
27    of Corrections and Rehabilitation in place of Theresa Cisneros. *See Ortiz-Sandoval v.*
      *Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings
28    may be the chief officer in charge of state penal institutions).

                                            1

("IFP"), and so the Court dismissed his case without prejudice and with leave to amend on May 12, 2022. Dkt. No. 5.

On July 11, 2022, Petitioner filed an IFP motion, which was denied. Dkt. No. 7. His Motion for Stay and Abeyance, Motion for Evidentiary Hearing, and Motion for Discovery were also denied without prejudice. *Id.* Petitioner later paid the $5.00 filing fee on November 23, 2022, and refiled his Motion for Stay and Abeyance on February 1, 2023, which the Court denied as moot on August 18, 2023 because Petitioner notified the Court that he had exhausted his previously unexhausted claims. Dkt. Nos. 12, 14, 20. He then filed a Motion for Leave to File an Amended Petition and an Amended Petition on September 18, 2023. Dkt. Nos. 22–23.

Petitioner has now alleged exhaustion as to all of his claims and therefore the Court **GRANTS** his Motion for Leave to File an Amended Petition [Dkt. No. 22].

Further, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Amended Petition, **IT IS ORDERED** that:

1.     The Clerk of this Court must promptly (a) serve a copy of the Amended Petition and a copy of this Order on the Attorney General for the State of California, or her authorized agent; and (b) serve a copy of this Order on Petitioner.

2.     Respondent must file a "Notice of Appearance" no later than **November 17, 2023**.

3.     If Respondent contends the Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Amended Petition, or that the Amended Petition is barred by the statute of limitations, or that the Amended Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **January 3, 2024**.  The motion to dismiss must not

address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[2]  At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

4.    If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **<u>February 2, 2024</u>**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5.    Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6.    If Respondent does not contend that the Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Amended Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **<u>January 3, 2024</u>**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office</u>**."  Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

7.    Petitioner may file a traverse to matters raised in the answer no later than **<u>February 2, 2024</u>**.  Any traverse by Petitioner (a) must state whether Petitioner admits or

---

[2] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Amended Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Amended Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8.     A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9.     Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10.     Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11.     Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: October 20, 2023

_David Leshner_

Hon. David D. Leshner
United States Magistrate Judge

4