UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRYSON,<br><br>                Petitioner,<br><br>   v.<br><br>RAYMOND MADDEN, et al.,<br><br>                Respondents. | Case No.: 3:22-cv-00556-JES-VET<br><br>**ORDER ON PETITIONER'S MOTION FOR DEFAULT**<br><br>[Doc. No. 32] |

    Before the Court is Petitioner Ronald Bryson's ("Petitioner") Motion of Objection to Order Granting Request for an Extension of Time to File Response and Motion for Entry of Default ("Motion"). Doc. No. 32. For the reasons detailed below, the Court **DENIES** the Motion.

**I.   BACKGROUND**

    Petitioner, proceeding *pro se*, is incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. On September 18, 2023, Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Amended Petition"). Doc. Nos. 23. The Petition raises 120 claims. *Id.* Due in part to Petitioner's voluminous claims, the Court initially granted Respondents Raymond Madden and Rob Bonta ("Respondents") a sixty-day extension to file an answer. Doc. No. 28. Petitioner objects to the extension,

arguing that it creates extreme delay and thus violates Petitioner's due process rights. Doc. No. 32 at 2, 26–28. Petitioner therefore requests the Court enter a default judgment against Respondents. *Id.* at 17.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process. Fed. R. Civ. R. 55(a)–(b); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining the "two-step process" required by Rule 55 for entry of default judgment). First, the clerk must enter the party's default. Fed. R. Civ. R. 55(a). Entry of default is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Id*.

Next, following entry of default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b); *see also Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (distinguishing entry of default from a default judgment). The Court considers the *Eitel* factors when deciding such a motion: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. Whether to grant a motion for default judgment is within the Court's discretion. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

## III. ANALYSIS

Petitioner's Motion fails for several reasons. First, the Motion is premature. "Entry of default must be obtained prior to entry of default judgment." *Fruit v. James Corrado Inc.*, No. 24-cv-00377-KES-SKO, 2024 U.S. Dist. LEXIS 83428, at *2 (E.D. Cal. May 7, 2024); *see also Eitel*, 782 F.2d at 1471. Thus, "courts regularly deny motions for default judgment where default has not been previously entered." *Ardalan v. McHugh*, No. 13-

CV-01138-LHK, 2013 U.S. Dist. LEXIS 169470, at *82 (N.D. Cal. Nov. 27, 2013) (listing cases).

Here, the record does not reflect entry of default by the Clerk of the Court. Because this prerequisite is not satisfied, Petitioner's Motion is premature and not properly before this Court. *See Hahn v. Waddington*, 782 F. App'x 607, 608 (9th Cir. 2019) (affirming denial of motion for default judgment given failure to first obtain an entry of default); *Norman v. Small*, No. 09-cv-2235-WQH (NLS), 2010 U.S. Dist. LEXIS 133507, at *5–6 (S.D. Cal. Dec. 14, 2010) (denying motion for default judgment where clerk did not enter default); *Ardalan*, 2013 U.S. Dist. LEXIS 169470, at *82 ("Without first obtaining an entry of default against Defendants, Plaintiffs [sic] motion for default judgment is improperly before this Court.").

Even if properly before the Court, the Motion still fails. "Default is an inappropriate method of adjudication when it appears that there is an intent to contest the allegations." *First Direct Payment Servs. v. Real Time Care LLC*, No. 22-cv-1599-MMA (DEB), 2023 U.S. Dist. LEXIS 90039, at *5 (S.D. Cal. Feb. 28, 2023) (internal citation and quotations omitted). In this case, Respondents filed timely requests for extensions, demonstrating an intent to respond or otherwise defend against Petitioner's claims. Indeed, Respondents filed an Answer to the Amended Petition on May 17, 2024, contesting Petitioner's 120 claims. Doc. Nos. 37-1 at 3, 5–34; *see also Smith v. Avalos*, No. 20-CV-1534-JAH (LR), 2023 U.S. Dist. LEXIS 191076, at *4 (S.D. Cal. Oct. 24, 2023) (concluding that default was inappropriate because defendant had filed an answer and indicated their intention to defend the action). Further, to the extent the basis for the Motion is "extreme delay," the Motion is insufficient on its face. Doc. No. 32 at 2. "[D]elay alone is insufficient to warrant a default." *Rogers v. Giurbino*, 288 F.R.D. 469, 490 (S.D. Cal. 2012) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990)).

In short, Respondents contest Petitioner's allegations, as evidenced by their Answer. As such, a default judgment is inappropriate and contrary to "the general rule that default

judgments are ordinarily disfavored" and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion for Default Judgment.

**IT IS SO ORDERED**.

Dated:  August 7, 2024

Honorable Valerie E. Torres
United States Magistrate Judge