UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRYSON,<br><br>                    Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, et al.,<br><br>                    Respondents. | Case No.: 3:22-cv-00556-JES-VET<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 41] |

Before the Court is Petitioner Ronald Bryson's ("Petitioner") Motion for Petitioner-Initiated Summary Judgment of Habeas Corpus Relief Without Evidentiary Hearing ("Motion for Summary Judgment"). ECF No. 41. For the reasons detailed below, the Court **DENIES** the Motion for Summary Judgment.

## I. BACKGROUND

On September 18, 2023, Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Amended Petition"). ECF No. 23. Respondents Raymond Madden and Rob Bonta ("Respondents") filed an Answer to the Amended Petition on May 17, 2024 ("Answer"). ECF No. 37. Therein, Respondents request the Court deny the

1

Amended Petition without conducting an evidentiary hearing. *Id.* at 8. Petitioner filed a Traverse to the Answer, seeking an evidentiary hearing and release from custody. ECF No. 40. Petitioner concurrently filed the Motion for Summary Judgment, wherein he alternatively seeks immediate release without an evidentiary hearing. ECF No. 41. Petitioner attaches a 26-page memorandum of points and authorities identical to the memorandum attached to the Traverse. *See* ECF Nos. 40 at 5–30, 41 at 3–28.

## II.   DISCUSSION

A summary judgment motion is not the proper mechanism to address the relief Petitioner seeks. The Federal Rules of Civil Procedure may be applied to a habeas proceeding "to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2254 Cases. "Federal Rule of Civil Procedure 56, which requires a court to draw all factual inferences in the nonmovant's favor . . . is apparently inconsistent and incompatible with 28 U.S.C. § 2254(e)(1), which states that 'a determination of factual issue made by a State court shall be presumed to be correct.'" *Atkins v. Montgomery*, No. 2:18-cv-06877-DOC-MAA, 2019 U.S. Dist. LEXIS 233137, at *2 (C.D. Cal. June 25, 2019). "A court cannot simultaneously assess all facts in the record in the light most favorable to the nonmovant and accept as true the state court's factual findings based on that same record." *Id.* For this reason, "[m]otions for summary judgment are inappropriate in federal habeas proceedings." *Mendoza v. Pollard*, No. 20-cv-0847-GPC (RBB), 2021 U.S. Dist. LEXIS 118295, at *23 (S.D. Cal. June 24, 2021) (quoting *Atkins*, 2019 U.S. Dist. LEXIS 233137, at *1) (denying summary judgment motion in habeas corpus proceeding, in part, because it is not an "appropriate vehicle").

The Court will address the merits of the Amended Petition, which lists 120 grounds for relief within more than 2000 pages of argument and exhibits, in due course. The Court will not issue a decision regarding Plaintiff's custody through a procedure incompatible with federal habeas proceedings.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion for Summary Judgment.

**IT IS SO ORDERED**.

Dated: February 28, 2025

Honorable James E. Simmons Jr.
United States District Judge