UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRYSON,<br><br>                              Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden, et al.,<br><br>                            Respondents. | Case No.: 3:22-cv-0556-JES-VET<br><br>**ORDER:**<br><br>**(1) CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY [ECF NO. 51] AS MOTION FOR RECONSIDERATION**<br><br>**(2) DENYING MOTION FOR RECONSIDERATION [ECF No. 51];**<br><br>**(3) DENYING MOTION REQUESTING AN EXTENSION OF TIME [ECF No. 50] AS MOOT; AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

    While the Court previously denied this federal habeas Petition, denied Petitioner's requests, denied a certificate of appealability and issued judgment, and the case is currently closed and on appeal, *see* ECF Nos. 46-48, presently before the Court are Petitioner's motion requesting an extension of time to file a motion to request this Court to reconsider granting a certificate of appealability and Petitioner's motion for a certificate of

appealability. ECF Nos. 50-51. For the reasons discussed below, the Court **CONSTRUES** Petitioner's motion for a certificate of appealability as a motion for reconsideration brought under Fed. R. Civ. P. 59(e) and S.D. Cal. CivLR 7.1(i), **RESOLVES** it has jurisdiction over the motion for reconsideration despite the appeal, **DENIES** the motion for reconsideration [ECF No. 50], **DENIES** as **MOOT** the motion for extension of time [ECF No. 51] and **DENIES** a Certificate of Appealability.

## I.   RELEVANT PROCEDURAL HISTORY

On November 10, 2025, the Court issued an Order denying the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 23, denying Petitioner's requests, ECF No. 40 at 30, and denying a certificate of appealability and closed the case. *See* ECF No. 46. On November 14, 2025, judgment was issued. ECF No. 47. On November 20, 2025, Petitioner constructively filed a Notice of Appeal to the Ninth Circuit as to the Court's November 10, 2025, Order and November 14, 2025, judgment, along with an accompanying motion for leave to proceed in forma pauperis, a request for extension of time to file motions and requests to obtain a certificate of appealability, and a motion to move the Ninth Circuit for an order to authorize the district court to reconsider the Amended Petition, his requests and a certificate of appealability.[1] ECF Nos. 48 at 1-5. On

---

[1] While the notice of appeal and accompanying motions are filed-stamped November 28, 2025, the constructive filing date is November 20, 2025. *See* ECF Nos. 48 at 1-3, 5; *see Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (discussing the "mailbox rule" under which "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail."), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) and *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Houston*, 487 U.S. at 276 ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.") This is because Petitioner would have presented the documents to prison authorities for filing prior to November 28, 2025, the date they were received by the Ninth Circuit. The record reflects the notice of appeal and accompanying requests and motions were each signed on November 20, 2025, *see* ECF No. 48 at 1-3, 5, and while the record does not include a copy of the proof of service, the Court will presume Petitioner presented those filings to prison authorities for mailing at the time of signing.

November 20, 2025, Petitioner also constructively filed the instant motions requesting an extension of time to file a motion to request this Court to reconsider granting a certificate of appealability and for a certificate of appealability.[2] ECF Nos. 50-51.

## II. DISCUSSION

### A. Petitioner's Motion for a Certificate of Appealability [ECF No. 51] is Liberally Construed as a Motion for Reconsideration

The instant motion is captioned as a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253, Rule 11 and Fed. R. App. P. 22(a), *see* ECF No. 51 at 1, but the Court previously denied a certificate of appealability, citing both R. 11(a) of the Rules Governing Section 2254 Cases (2019) and 28 U.S.C. § 2253(c), along with the denial of the Amended Petition. *See* ECF No. 46 at 1, 138. Judgment was subsequently issued in accordance with that order. *See* ECF No. 47. In the instant motion, Petitioner acknowledges the Court's prior denial of his Amended Petition and denial of a certificate of appealability. *See* ECF No. 51 at 1. Because the Court has already denied a certificate of appealability, Petitioner's motion cannot be considered as a motion for a certificate of appealability in the first instance, and the Court will instead liberally construe this motion as a motion for reconsideration of the Court's prior denial. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction."), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Other than citing to the general rules pertaining to certificates of appealability, Petitioner does not indicate the basis under which he seeks reconsideration of the Court's prior denial.

A motion for reconsideration of a Court's final judgment or order may be based on Federal Rule of Civil Procedure 59(e) or Rule 60(b). *See School Dist. No. 1J, Multnomah*

---

[2] For the reasons previously discussed with respect to Petitioner's Ninth Circuit filings, while these motions are each filed-stamped November 26, 2025, the constructive filing date for each is also November 20, 2025, the date Petitioner signed these motions. *See* ECF No. 50 at 1, ECF No. 51 at 1; *see Lott*, 304 F.3d at 921 (citations omitted).

*County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) ("A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment).") A motion for reconsideration filed within 28 days of the final order resulting in judgment should be construed as a motion under Rule 59(e), while motions filed more than 28 days after judgment should be construed as filed under Rule 60(b). *See Rishor v. Ferguson*, 822 F.3d 482, 489-90 (9th Cir. 2016) ("The district court properly construed [Petitioner's] post-judgment motion for reconsideration, filed within twenty-eight days of entry of judgment, as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).") (footnote and citation omitted). The Local Rules of this District also provide for applications for reconsideration in relevant part "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . .." S.D. Cal. CivLR 7.1(i)(1).

Here, Petitioner's motion for reconsideration as to a certificate of appealability is properly construed and timely considered under both Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(i) because it was submitted within 28 days of judgment. *See Rishor*, 822 F.3d at 489-90; *see also* S.D. Cal. CivLR 7.1(i)(2) ("Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.")

**B. Jurisdiction**

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Yet, Rule 4 of the Federal Rules of Appellate Procedure, "Appeal as of Right--When Taken," also provides in relevant part:

///

///

(4) Effect of a Motion on a Notice of Appeal.

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> …
>
> (4) to alter or amend the judgment under Rule 59;
>
> …
>
> (B)(1) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4).

Applying Rule 4(a)(4), both the Supreme Court and Ninth Circuit have held that a district court retains jurisdiction to decide a timely filed motion under Rule 59 regardless of whether the motion was filed before or after a notice of appeal. *See Griggs*, 459 U.S. at 59 ("[I]n order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed."), citing Fed. R. App. P. 4(a)(4); *see also Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) ("Because the purpose of Rule 4(a)(4) is to prevent duplication of effort by the courts, appellate review of the underlying merits of [petitioner's appeal] would be premature prior to the district court's consideration of the motion to alter or amend the judgment.")

Under Rule 59, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the Court denied the Amended Petition and closed the case on November 10, 2025, judgment issued on November 14, 2025, and Petitioner constructively filed his motion for reconsideration less than a week later, on November 20, 2025. Because Petitioner's motion is timely, the Court therefore retains jurisdiction to decide the instant motion regardless of whether it was filed before or after (or in this instance, on the same day as) his notice of appeal.

**C. Motion for Reconsideration and Motion for Extension of Time**

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011), quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "District courts have 'considerable discretion' in deciding Rule 59(e) motions," *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022), quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003), and "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008), quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 at 127-128 (2d ed. 1995).

Here, Petitioner does not offer any newly discovered evidence, nor does he assert there has been any intervening change in controlling law. *See* ECF No. 51. Petitioner instead appears to simply maintain federal habeas relief was warranted on the Amended Petition and that he "can provide additional claim details" and "[c]onstitutional violation details" and asserts "resentencing can be warranted" in ostensible contrast to the findings in the Court's November 10, 2025, Order. *Id.* at 1. Thus, the Court is limited to considering whether it committed clear error or rendered a manifestly unjust decision in its November 10, 2025, Order. But given Petitioner appears to simply attempt to reargue the merits of his federal habeas claims, including but not limited to repeating his arguments from the Amended Petition that the trial court erred in its "dual use" of the multiple victims enhancement in sentencing, resentencing is warranted under state Assembly Bills 256 and 1071, and presently asserting he can provide "additional" details and evidence in support

of his habeas claims and his claims of both California and federal Constitutional violations, *see id.*, such matters are not appropriately considered under Rule 59(e).[3] *Exxon Shipping Co.*, 554 U.S. at 485 n. 5. Notably, Petitioner does not indicate he could not have raised or presented any of those details or evidence prior to the Court's November 10, 2025, Order, and as such, he fails to show any such arguments or details warrant consideration under Rule 59(e). *See Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."), citing *Exxon Shipping Co.*, 554 U.S. at 485 n. 5 (additional citations omitted).

Thus, because Petitioner does not offer any newly discovered evidence, does not assert there has been any intervening change in controlling law, and he fails to demonstrate any "clear error" by the Court or show that the Court's November 10, 2025, Order denying habeas relief and denying a certificate of appealability was "manifestly unjust," Fed. R. Civ. P. 59(e), relief is not warranted under Rule 59(e). Petitioner also fails to demonstrate reconsideration is warranted under Local Rule 7.1(i), as the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7(i)(1). Again, Petitioner does not actually offer any new or different facts but instead simply indicates he can provide additional details in support of his habeas claims. Accordingly, Petitioner's motion for reconsideration under Fed. R. Civ. P. 59(e) and S.D. Cal. CivLR 7.1(i) is **DENIED**.

The Court turns next to Petitioner's motion for an extension of time, in which Petitioner similarly indicates he seeks additional time for the same purpose already proffered in his motion for reconsideration, that is, to simply "clarify/amend" and "provide

---

[3] Similarly, in his motion for an extension of time to file a motion to request this Court to reconsider granting a certificate of appealability, Petitioner simply indicates he seeks a 60-day extension of time to "allow [him] time to clarify/amend his claims, supporting evidence, and provide more detail regarding Constitutional violations under California/United States." ECF No. 50 at 1.

more detail" in support of his habeas claims. Because Petitioner fails to indicate any new evidence, change in controlling law or demonstrate any error by the Court which could properly be considered, and instead seeks to reargue his claims, as he has done in the motion for reconsideration which the Court has already considered and denied, the Court **DENIES** the motion for extension of time as **MOOT**.[4]

### III.  CERTIFICATE OF APPEALABILITY

"[A] COA is required to appeal an order 'pertain(ing) to the district court's adjudication of the habeas petition,'" which "include[s] orders that 'touch on . . . any alleged defects in the integrity of the proceedings arising out of the district court's adjudication of the petition." *Payton v. Davis*, 906 F.3d 812, 819-20 (9th Cir. 2018), quoting *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015). Courts in the Ninth Circuit have applied this COA requirement to motions brought under Rule 59(e) in section 2254 habeas cases. *See e.g. United States v. Lanphear*, 2023 WL 4145437, at *1 n.1 (9th Cir. 2023) (collecting cases); *see also Dorey v. Gore*, 2021 WL 37715 (S.D. Cal. 2021) (denying COA on denial of Rule 59(e) and Rule 60(b) motions in section 2254 case). As the Court previously noted in its November 10, 2025, Order, *see* ECF No. 46 at 138, "[a] certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is 'adequate to deserve encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the November 10, 2025, Order, the Court previously denied a certificate of appealability, *see* ECF No. 46 at 138, and the Court again finds issuing a certificate of appealability is not appropriate in this instance. This is because reasonable jurists would

---

[4] To the extent Petitioner requests an extension of time to file a Rule 59(e) motion, Federal Rule of Civil Procedure 6(b)(2) specifically disallows extensions of time for actions under Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).") Thus, any such motion also warrants denial on that basis.

not find debatable or incorrect the Court's conclusions that: (1) Petitioner's motion for certificate of appealability is properly considered as a motion for reconsideration, (2) the Court has jurisdiction to decide the instant motion, (3) Petitioner fails to offer any newly discovered evidence or assert there has been any intervening change in controlling law, or that (4) Petitioner fails to demonstrate the Court committed clear error or rendered a manifestly unjust decision in the November 10, 2025, Order, nor does the Court find any of Petitioner's arguments deserve encouragement to proceed further. *See Slack*, 529 U.S. at 484.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court **CONSTRUES** Petitioner's motion for a certificate of appealability [ECF No. 51] as a motion for reconsideration brought under Fed. R. Civ. P. 59(e) and Local Rule 7.1(i), **RESOLVES** it has jurisdiction over Petitioner's motion for reconsideration, **DENIES** Petitioner's motion for reconsideration [ECF No. 51], **DENIES** as **MOOT** Petitioner's motion for extension of time [ECF No. 50] and **DENIES** a Certificate of Appealability. The Court **DIRECTS** the Clerk of Court to send a copy of this Order to the Ninth Circuit Court of Appeals. This case remains closed.

**IT IS SO ORDERED.**

Dated: December 16, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge